UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HELEN MARIE WEEKS,

Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,

Defendant.

Case No. 3:13-cv-05804-BHS-KLS

REPORT AND RECOMMENDATION

Noted for July 11, 2014

Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Sec'y of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further proceedings to assess the medical opinion evidence of consultative examiner James Pepka, DO, and, if appropriate, to obtain additional vocational evidence.

FACTUAL AND PROCEDURAL HISTORY

On October 15, 2009, plaintiff previously filed for SSI benefits. See Administrative Record ("AR") 213-15. Plaintiff's application was denied upon initial administrative review, and plaintiff did not appeal this decision. See AR 34, 137-40. On August 20, 2010, plaintiff

protectively filed another application for SSI benefits, alleging disability as of June 1, 2010, due to back, left arm, neck, and right knee impairment. See AR 216-19, 265. Plaintiff's application was denied upon initial administrative review and on reconsideration. See AR 141-44, 150-57. A hearing was held before an administrative law judge ("ALJ") on March 30, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 54-100. At the hearing, plaintiff amended her alleged disability onset date to October 15, 2009, the protective filing date of her prior SSI application. See AR 34, 64-65, 213-15.

On April 23, 2012, the ALJ issued a recommended decision in which plaintiff was determined to be not disabled. See AR 10-53; 20 C.F.R. § 416.1453(d).[1] On July 12, 2013, the Appeals Council ("AC") issued an unfavorable decision adopting all of the findings of the ALJ's recommended decision, and making the written decision by the AC the final agency decision. See AR 1-8; see also 20 C.F.R. § 416.1481. On September 13, 2013, plaintiff filed a complaint in this Court seeking judicial review of the AC's decision. See Dkt. No. 1. The administrative record was filed with the Court on December 4, 2013. See Dkt. No. 9. The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision, which was adopted by the AC, should be reversed and remanded to defendant for further proceedings, because the ALJ erred in evaluating the medical opinion evidence of consultative physical examiner James Pepka, DO, and examining psychologist Enid Griffith, PhD. The undersigned agrees the ALJ erred in determining plaintiff to be not disabled, and for the reasons set forth below, recommends that while defendant's

[1] Although an ALJ will usually make a decision following an administrative hearing, the ALJ "may send the case to the Appeals Council with a recommended decision based on a preponderance of the record when appropriate." 20 C.F.R. § 416.1453(d). The Appeals Council may adopt, modify or reject a recommended decision. 20 C.F.R. §416.1479.

decision should be reversed, this matter should be remanded for further administrative proceedings.

DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Sec'y of Health and Human Serv., 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting

Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[2]

I. The ALJ's Evaluation of the Medical Evidence in the Record

Plaintiff argues that the ALJ erred by failing to provide specific and legitimate reasons to reject the opinion of consultative physical examiner James Pepka, DO, who opined plaintiff was limited to less than a full range of sedentary work activities. Dkt. No. 11, pp 2-5 (citing Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996)). This opinion is significant because it is contrary to the ALJ's finding at step four of the sequential disability evaluation process that plaintiff could return to her past relevant work at the light level, and contrary to the ALJ's alternate finding at step five that plaintiff could perform other work at the sedentary level. See AR 24-26; see 20 C.F.R. § 416.967; see also Dictionary of Occupational Titles ("DOT"), Appendix C, 1991 WL 688702.

The ALJ offered three reasons to reject Dr. Pepka's opinion: (1) Dr. Pepka's opinion was inconsistent with other evidence in the record, which showed greater functional capacity; (2) plaintiff's reported symptoms were not fully credible; and (3) Dr. Pepka's opinion was not supported by the opinion of stage agency reviewing physician Drew Stevick, MD. AR 21. These are not specific and legitimate reasons supported by substantial evidence sufficient to reject the opinion of Dr. Pepka. See Lester, 81 F.3d at 830-31

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2dat 1119 n.10.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Comm'r Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. When an examining doctor's opinion is contradicted, that opinion "can only be rejected [by an ALJ] for specific and legitimate reasons that are supported by substantial evidence in the record." Lester, 81 F.3d at 830-31.

At the request of the Commissioner, Dr. Pepka conducted a record review and physical examination of plaintiff in December 2010. AR 561-69. Based on this examination, Dr. Pepka opined that plaintiff could lift 8-pounds occasionally with her right hand and 4-pounds occasionally with her left hand. AR. 566. As noted previously, this opinion is significant because it represents less than a full range of sedentary work activities, and is contrary to the ALJ's findings at steps four and five of the sequential evaluation. See AR 24-26; see 20 C.F.R. § 416.967 (defining sedentary work as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."); see also Dictionary of

Occupational Titles ("DOT"), Appendix C, 1991 WL 688702 (defining sedentary work as "[e]xerting up to 10 pounds of force occasionally… and/or a negligible amount of force frequently… to lift, carry, push, pull, or otherwise move objects…").

Although an ALJ need not accept the opinion of even a treating physician if that opinion is inadequately supported "by the record as a whole," the ALJ's finding that Dr. Pepka's December 2010 opinion was inconsistent with other evidence, which showed greater functional capacity, was not supported by substantial evidence in the record. See Batson, 359 F.3d at 1195. In support of this rationale, the ALJ cited to two treatment notes from January 2010 that, according to the ALJ, demonstrated "with exercise and medication, the claimant was able to reduce pain and restore range of motion in her neck." AR 21 (citing 525, 538).

Consistent with the ALJ's finding, plaintiff's January 2010 physical therapy status report indicated that following treatment, plaintiff was able to obtain full cervical range of motion without pain. AR 538. However, the other treatment note referenced by the ALJ, from plaintiff's primary care provider George R. Magley, MD, indicated that although plaintiff was able to reduce her pain some, plaintiff continued to have muscle spasms and decreased range of motion in her neck. AR 525. Moreover, both of the treatment notes referenced by the ALJ indicated that plaintiff continued to have difficulty with lifting. Dr. Magley noted that plaintiff reported she still could not lift heavy objects with her left hand (but was unable to quantify how many pounds). AR 525. Plaintiff's physical therapist also indicated that plaintiff reported she was still unable to lift her grandchild without pain. AR 538.

Additionally, as plaintiff points out, the increased cervical mobility and reduced pain noted by plaintiff's physical therapist in January 2010 was temporary. See e.g. AR 529 (noting cervical pain and decreased range of motion in the cervical spine in May 2010); 530 (noting

cervical pain in April 2010); 564-65, 568 (noting cervical pain and decreased range of motion in the cervical spine in December 2010). Also, a magnetic resonance imaging ("MRI") study, obtained approximately 5 months after plaintiff's January 2010 physical therapy visit, showed moderate disc degeneration, multilevel cervical disc protrusions with possible nerve root impingement, and reversal of the normal cervical lordosis, which is often related to muscle spasm. See AR 537. For these reasons, the ALJ's finding that Dr. Pepka's opinion was inconsistent with other evidence in the record, which showed greater functional capacity, was not supported by substantial evidence. See Lester, 81 F.3d at 830-31.

The ALJ's second rationale, that plaintiff's reported symptoms were not fully credible, was similarly not supported by substantial evidence. A physician's opinion that is lacking in objective support and premised on a claimant's subjective complaints may be discounted where the record supports the ALJ in discounting the claimant's credibility. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); see also Morgan, 169 F.3d at 601 (opinion of physician premised to large extent on claimant's own accounts of her symptoms and limitations may be disregarded where those complaints have been properly discounted). Here, the record does not support that Dr. Pepka's opinion was based to a large extent on plaintiff's own accounts of her symptoms.

Dr. Pepka conducted a record review and physical examination. AR 561-69. The records reviewed by Dr. Pepka included 2009 and 2010 treatment notes from plaintiff's primary care provider Dr. Magley that showed cervical spasm, as well as the May 2010 MRI report that showed multilevel disc protrusions and possible nerve root impingement. AR 561-62. Based on the MRI findings, Dr. Pepka concluded that plaintiff's cervical disc protrusions were a probable cause of her neck pain and possibly related to her left upper extremity symptoms. AR 566

(noting cervical radiculopathy was a possible cause of plaintiff's left upper extremity pain but there was no EMG to confirm this diagnosis). Additionally, as plaintiff points out, Dr. Pepka did not adopt plaintiff's report that she was able to lift no weight at all with her left hand and only 5-pounds with her right hand. Compare AR 563 to 566. This evidence supports that the lifting limitations opined by Dr. Pepka were based on objective evidence, including plaintiff's abnormal cervical MRI findings, and not primarily on plaintiff's not credible symptom complaints. For this reason, the ALJ's rejection of Dr. Pepka's opinion due to plaintiff's lack of credibility was not supported by substantial evidence in the record. See Tonapetyan, 242 F.3d at 1149.

The third reason offered by the ALJ, that Dr. Pepka's opinion was inconsistent with the opinion of a state agency reviewing physician Dr. Stevick, was legally insufficient because it was not supported by other independent evidence. Lester, 81 F.3d at 830. Generally, an examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Id. at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician." Id. at 830 (citations omitted). A non-examining physician's opinion may, however, constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

As plaintiff points out, the conflict between Dr. Pepka's opinion and Dr. Stevick's opinion triggers the standard of review under Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996), and allows Dr. Pepka's opinion to be rejected for specific and legitimate reasons supported by substantial evidence in the record. Dr. Stevick's opinion could have constituted substantial evidence sufficient to reject Dr. Pepka's opinion if it were consistent with other independent evidence in the record. See Id.; Tonapetyan, 242 F.3d at 1149. Defendant fails,

however, to identify other independent evidence consistent with Dr. Stevick's opinion. Dkt. No. 15, p 5. For these reasons, the ALJ's rejection of Dr. Pepka's opinion because it was not supported by the opinion of stage agency reviewing physician Drew Stevick, MD, was not supported by independent evidence in the record, and therefore, was legally insufficient to reject the opinion of an examining physician. See Lester, 81 F.3d at 830-31.

As noted previously, Dr. Pepka's opinion that plaintiff could lift 8-pounds occasionally with the right hand and 4-pounds occasionally with the left was significant because it corresponds to a functional capacity of less than a full range of sedentary work activities. See 20 C.F.R. § 416.967; see also DOT, Appendix C, 1991 WL 688702. Although a residual functional capacity for less than a full range of sedentary work does not necessarily equate with a decision of "disabled," the ALJ failed to question the vocational expert regarding the impact of the lifting limitations opined by Dr. Pepka on the occupational base for sedentary work. See Social Security Ruling ("SSR") 96-9p, 1996 WL 374185 *1, *9 (noting that the consultation of a vocational resource may be appropriate when a claimant is limited to lifting between two and ten pounds, as well as in more complex cases); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999) (if a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do); 20 C.F.R. § 416.920(d), (e). For this reason, the ALJ's alternate step five determination that plaintiff could perform other work existing in significant numbers in the national economy is not supported by substantial evidence and cannot be upheld. Hoffman, 785 F.2d at 1425. As such, the undersigned recommends that the ALJ's decision be reversed and remanded for further consideration of Dr. Pepka's opinion and, if necessary, to obtain additional vocational evidence.

CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ properly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court affirm defendant's decision. Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse the ALJ's decision and remand this matter to defendant for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **July 11, 2014**, as noted in the caption.

DATED this 10th day of June, 2014.

Karen L. Strombom
United States Magistrate Judge